UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,            Cr. File No. 13-139 (PAM/JSM)

Plaintiff,

v.            **ORDER**

Marlin Dahl,

Defendant.

---

This matter is before the Court on Defendant's Appeal from the Order of Magistrate Judge Janie S. Mayeron dated September 12, 2013. For the reasons that follow, the Appeal is denied.

## BACKGROUND

Defendant is charged with 13 counts of failure to pay and collect FICA taxes in violation of 26 U.S.C. § 7202. Trial is set to begin on December 2, 2013. Defendant filed numerous pre-trial motions relating to various topics. (See Docket Nos. 18-33.) The Magistrate Judge ruled on these Motions, and Defendant asks the Court to reverse the Magistrate Judge as to four of the Motions.

## DISCUSSION

The Court reviews the Magistrate Judge's determination on non-dispositive matters under a clearly erroneous standard. See 28 U.S.C. § 636(b)(1)(A); D. Minn. L.R. 72.1(b)(2).

### A. Rule 16(a)(1)(G) Disclosures

Defendant requested expert witness disclosures "forthwith" and the Magistrate Judge ruled that the Government must disclose such materials three weeks before trial. (Order ¶ 5.) In his appeal, Defendant contends that he will not be able to adequately defend against the Government's expert witnesses unless expert materials are disclosed 60 days before trial. Although the Court understands Defendant's desire to have as much time as possible to assess the Government's expert disclosures, Magistrate Judge Mayeron's deadline is not clearly erroneous. Defendant's appeal of this portion of the Magistrate Judge's Order is denied.

### B. Jencks Act Materials

Defendant next argues that Magistrate Judge Mayeron erred in requiring the Government to disclose Jencks Act materials no later than three days before trial. (Order ¶ 6.) Defendant insists that he needs to see the statements no later than 30 days before trial.

Unfortunately for Defendant, the Jencks Act does not compel the Government to disclose witness statements and reports before presentation of the witness' testimony at trial. Thus, Magistrate Judge Mayeron's decision to give Defendant three days' lead time with the statements was reasonable and not clearly erroneous. This aspect of Defendant's appeal is also denied.

## C. Rule 404(b) Evidence

Defendant also contends that the Magistrate Judge erred in ordering the Government to disclose Rule 404(b) evidence no later than 14 days before trial. (Order ¶ 7.) Defendant requests the disclosure of such evidence no later than 60 days before trial. Defendant does not cite to any authority in support of the assertion that the Magistrate Judge's deadline is in error. Accordingly, Defendant's appeal on this point is denied.

## D. Surplusage

Defendant's final objection is to Magistrate Judge Mayeron's determination that the term "scheme," as used in the Indictment, is not surplusage or unduly prejudicial and should not be stricken. Defendant argues that because the charging statute, 26 U.S.C. § 7202, does not use the term "scheme" it is not an element of the crime charged and should not be included in the Indictment. Defendant further argues that the term is inherently pejorative and therefore prejudicial to his client.

Although Defendant is correct that the Government need not prove a scheme in order to establish criminal liability under § 7202, the Government alleges that Defendant engaged in a scheme to avoid paying FICA taxes and represents that it will prove as much during trial. As Magistrate Judge Mayeron noted, the Court should strike information in the Indictment "only where it is clear that the allegations contained therein are not relevant to the charge made or contain inflammatory and prejudicial matter." United States v. Figueroa, 900 F.2d 1211, 1218 (8th Cir. 1990) (quoting Dranow v. United States, 307 F.2d 545, 558 (8th Cir. 1962)).

Here, because the Indictment's use of the term "scheme" is consistent with the Government's theory of the case and what it intends to prove at trial, the term is not irrelevant or unduly prejudicial and will not be stricken from the Indictment.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's Appeal of the Order of Magistrate Judge Mayeron dated September 12, 2013 (Docket No. 40) is **DENIED**; and

2. The Order dated September 12, 2013 (Docket No. 36) is **AFFIRMED**.

Dated: September 30, 2013

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge