UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                  Cr. File No. 13-139 (PAM/JSM)

                Plaintiff,

v.                                                           **MEMORANDUM AND ORDER**

Marlin Dahl,

                Defendant.

---

This matter is before the Court on Defendant's Renewed Motion for Judgment of Acquittal and Motion for New Trial. For the reasons that follow, the Motions are denied.

**A.    Background**

Defendant was charged with 13 counts of failing to collect and pay over FICA taxes in violation of 26 U.S.C. § 7202. At trial, the Government was required to prove the following three elements: (1) Defendant had a duty to collect, account truthfully for, or pay over an employment tax; (2) Defendant knew he had a duty to collect, account truthfully for, or pay over an employment tax; and (3) Defendant willfully failed to collect, account truthfully for, or pay over an employment tax. The parties agreed only the third element—whether Defendant acted willfully—was at issue. The Court instructed the jury that "[t]o act willfully means to act voluntarily and deliberately and with the purpose of violating a known legal duty. Negligent conduct is not sufficient to constitute willfulness." (Docket No. 99 at 17.)

The jury returned a mixed verdict, determining that Defendant was guilty on Counts 1, 5, 9, and 13, which corresponded to Defendant's first-quarter tax filings, and not guilty on the remaining counts. Defendant now moves for a judgment of acquittal on the counts of conviction and, alternatively, for a new trial.

**B.     Motion for Acquittal**

The Court may set aside a guilty verdict if the evidence presented at trial is insufficient to sustain a conviction. Fed. R. Crim. P. 29(c)(2). The Court, however, "has very limited latitude in ruling upon a motion for judgment of acquittal." United States v. Baker, 367 F.3d 790, 797 (8th Cir. 2004). The Court cannot weigh the evidence or assess the credibility of witnesses. Id. If the evidence rationally supports two conflicting hypotheses, the Court will not disturb the conviction. Ortega v. United States, 270 F.3d 540, 544–45 (8th Cir. 2001). Accordingly, the Court may grant a judgment of acquittal "only where the evidence, viewed in the light most favorable to the government, is such that a reasonably minded jury must have a reasonable doubt as to the existence of any of the essential elements of the crime charged." Baker, 367 F.3d at 797.

Defendant contends that the evidence adduced at trial was insufficient to establish that he willfully failed to collect and pay employment taxes. The Government elicited testimony from which the jury could conclude that Defendant voluntarily and deliberately violated the applicable tax law. Defendant testified to the contrary, but the jury apparently decided that his testimony, as least as to first-quarter tax filings, was not credible. Defendant argues that the fact that the jury acquitted on the counts relating to other quarters must mean that there

was reasonable doubt as to its first-quarter determination. The Court disagrees.

The jury obviously concluded that Defendant's conduct in the winter months was consciously designed to thwart IRS rules. Indeed, during those months, Defendant failed to pay any FICA taxes even though he was paying his drivers wages. There is nothing inconsistent in the jury deciding that Defendant's conduct in the other months of the year, when Defendant was paying partial FICA taxes, did not reflect a willful violation of the law. The jury was entitled to believe the testimony of the Government's witnesses, and was likewise entitled to disbelieve the exculpatory testimony offered by Defendant. Defendant has not proved that he is entitled to a judgment of acquittal.

## C.   Motion for New Trial

The Court may order a new trial "if the interests of justice so require." Fed. R. Crim. P. 33. When ruling on a motion for a new trial, the Court has broader discretion than on a motion for judgment of acquittal under Rule 29. United States v. Campos, 306 F.3d 577, 579 (8th Cir. 2002). It may "weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict." White v. Pence, 961 F.2d 776, 780 (8th Cir. 1992). The Court's discretion is not unlimited, however, and it must exercise its authority "sparingly and with caution." Campos, 306 F.3d at 579. Unless the Court determines that a miscarriage of justice will occur, the jury's verdict must stand. Id.

As noted, the evidence adduced at trial was sufficient to support the jury's verdict, and the Court is satisfied that the evidence presented to the jury was properly admitted. The Court does not find that the verdict resulted in a miscarriage of justice. Defendant's Motion

for a New Trial is denied.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion for Judgment of Acquittal (Docket No. 100) is **DENIED**; and

2. Defendant Motion for New Trial (Docket No. 101) is **DENIED**.

Dated:  February 14, 2014

                                              *s/Paul A. Magnuson*
                                              Paul A. Magnuson
                                              United States District Court Judge